721 So.2d 421 (1998)
Elizabeth GALVIS, Petitioner,
v.
ALLSTATE INSURANCE COMPANY, Respondent.
No. 98-1599.
District Court of Appeal of Florida, Third District.
November 25, 1998.
Ress, Mintz & Truppman and Scott R. Clein, North Miami; St. Louis, Guerra & Auslander and Charles M. Auslander, Miami, for petitioner.
Angones, Hunter, McClure, Lynch & Williams and Christopher Lynch, Miami, for respondent.
Before SCHWARTZ, C.J., and SHEVIN and SORONDO, JJ.
SCHWARTZ, Chief Judge.
The issue and procedural posture of this case are identical to those in Rios v. Tri-State Insurance Co., 714 So.2d 547 (Fla. 3d DCA 1998)[1], with the exception that the appraisal clause of the Allstate policy before us requires each party to select a "competent and disinterested appraiser," rather than, as in the policy considered in Rios, an "independent" one. As we have already done in Rios itself by specifically "declin[ing] to apply" Central Life Insurance Co. v. Aetna Casualty & Surety Co., 466 N.W.2d 257 (Iowa 1991), in which the policy contained the same language as this one, Rios, 714 So.2d at 549, we reject Allstate's claim that this makes any legal difference. The contingent-fee appraiser appointed by the insured was therefore fully qualified under the present clause. For this reason, following Rios, we quash the discovery order under review and direct instead that the parties make the disclosures required by the Code of Ethics. Rios, 714 So.2d at 549.
Certiorari granted.
NOTES
[1] Rios was decided after the orders below.